MURDOCK, Justice
(concurring in the rationale in part and concurring in the result).
I concur in the main opinion with the exception of its comment regarding the latter of the two issues addressed in this writing. First, I wish simply to reiterate my understanding that the $100,000 cap expressed in § 11-47-190, Ala.Code 1975, would be inapplicable to a claim against Richard Alan Beard in his individual capacity, even if the claim had arisen from acts or omissions by Beard while acting within the line and scope of his employment or, in the language of § 11-47-24, Ala.Code 1975,. “out of the performance of his official duties.” As explained in Morrow v. Caldwell, 153 So.3d 764 (Ala.2014), and reconfirmed here, § 11-47-190 is intended to protect municipal coffers; the cap on municipal liability expressed therein is only that — a cap on municipal governmental liability (whether for payment of damages to a third party or of indemnity to its own employee). The cap is simply inapposite to a judgment against any other entity, including a municipal employee sued in his or her individual capacity.[5]
The main opinion comments that “the legislature is better suited to speak comprehensively on the individual liabili *581 ty of municipal employees.” 164 So.3d at 580. First, our existing statutory and caselaw jurisprudence arguably already speaks comprehensively to the question. State-agent immunity, as developed extensively in our caselaw, will apply in most cases involving municipal law-enforcement officials, particularly when they are acting within the line and scope of their duties; it will apply in many cases to non-law-enforcement municipal employees. In addition, there may be instances in which municipal employees are sued where, notwithstanding the filing of a lawsuit by a third party, the nature of the employee’s obligations to his or her municipal employer do not in fact also create a duty on the part of an employee to the third party. See generally, e.g., Morrow v. Caldwell, 153 So.3d at 771 (Murdock, J., concurring specially) (“[T]he question before us in this permissive appeal is limited to whether, if an employee of a municipality is personally liable for a tort he or she commits in the course of his or her employment by a municipality, that liability can exceed the $100,000 cap referenced in § 11-47-190. Any such liability, however, would of course depend as a threshold matter on the existence of a duty that was personal to the employee (not merely a duty of his or her employer) and that ran to the plaintiff (and not merely from the employee to his or her employer). This and other questions concerning the prospective liability of a municipal employee in Wayne Morrow’s position are not before us, and the main opinion should not be understood as implying any answer to them.”). As to any circumstances outside the foregoing, i.e., where the employee is not considered a State agent and has breached some individual duty owed by him or her to a third party, provisions of the Alabama constitution appear to present an obstacle to a legislative prescription of limits on individual liability. Id. (citing Garner v. Covington Cnty., 624 So.2d 1346 (Ala.1993), and Home Indem. Co. v. Anders, 459 So.2d 836 (Ala.1984), for the proposition that, it is only because “[t]he common-law doctrine of governmental immunity for municipal and county governments predates ... the adoption of the 1901 Constitution, that [that] doctrine survived the adoption of that Constitution, including §§ 11 and 13 thereof ... and is subject to modification by the legislature”); see also Smith v. Schulte, 671 So.2d 1334 (Ala.1995).

. The nature of the employee’s conduct may serve to relieve a municipality from any indemnity obligation at all (if the tortious conduct does not arise out of the performance of official duties), or it may leave the municipality with up to a $100,000 obligation (if the *581 tortious conduct does arise out of the performance of official duties). Either way, it does not apply to limit the amount of any underlying damages verdict rendered against the employee personally, rather than in his or her official capacity.